COLE, Circuit Judge,
dissenting.
Under Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994), and this circuit’s case precedent, a prison official’s deliberate indifference to the serious medical needs of a prisoner or pretrial detainee violates the Eighth Amendment Id. at 834, 114 S.Ct. 1970; Watkins v. City of Battle Creek, 273 F.3d 682, 685-86 (6th Cir.2001). As it relates to the failure to provide medical care, we have held that deliberate indifference has both an objective and subjective component. Under the objective component, the plaintiff must show that the medical need was “sufficiently serious.” Farmer, 511 U.S. at 534, 114 S.Ct. 1757; Blackmore v. Kalamazoo County, 390 F.3d 890, 895 (6th Cir.2004). Under the subjective component, the plaintiff must show that the government actor “had a sufficiently culpable state of mind.” Farmer, 511 U.S. at 534, 114 S.Ct. 1757; Blackmore, 390 F.3d at 895. In other words, the government actor “must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.” Farmer 511 U.S. at 837, 114 S.Ct. 1970. This circuit has noted that the requisite mental state for deliberate indifference is not an “express intent to inflict unnecessary pain.” Scicluna v. Wells, 345 F.3d 441, 445 (6th Cir.2003); rather, the requisite mental state is similar to the “subjective recklessness” of the criminal law. Hadix v. Johnson, 367 F.3d 513, 525 (6th Cir.2004).
In this case, the district court granted a motion for summary judgment in favor of the City. Accordingly, to defeat the City’s request for summary judgment, the plaintiff was required to present evidence that the City acted with deliberate indifference. In considering the City’s motion, the court must view the evidence and draw all reasonable inferences in the light most favorable to the plaintiff. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Summary judgment is appropriate only when there is no genuine issue of material fact such that the City is entitled to judgment as a matter of law. Fed. R. Crv. P. 56(c).
In my view, the majority errs in its conclusion that the plaintiff has failed to establish deliberate indifference for the purposes of summary judgment. First, it is clear that the objective component has been satisfied by the plaintiff; i.e. Harbin’s medical need was sufficiently serious. The evidence establishes that Harbin experienced intense chest pains, exhibited a light sweat, vocalized his discomfort, clutched at his chest, and eventually collapsed while in pretrial detention. These are classic symptoms of heart failure, which is undoubtedly a sufficiently serious need requiring prompt medical attention. See, *574 e.g., Sealock v. Colorado, 218 F.3d 1205, 1210 (10th Cir.2000) (holding that chest pains that may indicate a heart attack are sufficiently serious to satisfy the objective prong of Farmer).
As to the subjective component — that the government actor had a “sufficiently culpable state of mind” — the majority correctly notes that much of the evidence presented by the plaintiff regarding whether the prison guards subjectively inferred that he was suffering from a serious risk of medical harm comes from Troy Washington, who was detained along with Harbin. In a deposition, Washington testified that the plaintiff was continually complaining of chest pains during the pretrial detention. Furthermore, Washington testified that a prison guard noticed his complaints, but did not take any action. J.A. at 198-200. Washington further testified that after complaining of chest pains, Harbin had a conversation with a police sergeant, though Washington could not identify the content of that conversation. J.A. at 199. Harbin was then placed into another holding cell. Later that night, Washington heard Harbin yell for approximately 30 minutes, “Jailer, I’m having heart trouble. Jailer man down.” J.A. at 203-04. Shortly thereafter, Harbin was removed from the holding cell on a stretcher and transferred to a hospital.
Notwithstanding this evidence, the district court held that a lack of direct “evidence from the detaining officers as to what they knew or concluded about Harbin’s need for medical attention” is an “insurmountable” obstacle for the claim. Similarly, the majority concludes that the evidence does not establish that the prison guards perceived that the plaintiff was complaining of chest pains. The majority further notes there is no evidence to support the view that the officers actually drew the inference of a substantial risk of harm.
However, noted by the majority, Farmer allows the use of ordinary circumstantial evidence to prove that a prison official acted with “knowledge of a substantial risk of serious harm.” Farmer, 511 U.S. at 842, 114 S.Ct. 1970 (‘Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence.”). Though the majority states “there is no evidence that the booking officer paid any attention whatsoever, ‘the record discloses otherwise.’ ” Washington testified that the holding cell occupied by Harbin and Washington was close to the booking officer. (‘Well, he looked back— like I said, the distance was — we could be talking, and you could hear us, that’s how close the tank was.”). Washington also testified that Harbin made numerous attempts to get the attention of the booking officer, succeeded in getting the officer’s attention, and then was ignored. (“And he called him two or three times. He acknowledged us because he looked back when he called him, ‘Jailer, I’m having chest pains.’ ”). Though the officer did not vocalize an acknowledgment of Harbin’s poor condition, Washington notes that during this time period Harbin was constantly grabbing his chest and stretched out on a bench. Washington further testified that Harbin had a conversation with the sergeant. Though Washington did not testify as to the content, the conversation took place during a time period in which Harbin was constantly complaining of chest pains and grabbing his chest. J.A. at 192-202. Viewing this evidence in its totality, a genuine issue of material fact exists as to whether the prison guards actually noticed that Harbin was suffering from obvious symptoms of heart failure.
*575 A noted by Farmer, the mere fact that an officer perceived the symptoms of heart failure is insufficient; the officer must also make the inference that such symptoms could result in a substantial risk of serious harm. Farmer, 511 U.S. at 837, 114 S.Ct. 1970 (the government actor “must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference”). However, Farmer also notes that some risks are so obvious that the inference of a substantial risk of serious harm is made upon perception of the underlying facts. Id. at 842, 114 S.Ct. 1970 (“[A] factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.”). In this case, a trier of fact could conclude that prison officials knew that there was a substantial risk of heart failure.
This conclusion is wholly consistent with the language of Farmer. As noted by the Supreme Court, even an obvious risk may be rebutted by the government actor. However, such inquiries are most properly left to the jury.
Because, however, prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment, it remains open to the officials to prove that they were unaware even of an obvious risk to inmate health or safety. That a trier of fact may infer knowledge from the obvious, in other words, does not mean that it must do so. Prison officials charged with deliberate indifference might show, for example, that they did not know of the underlying facts indicating a sufficiently substantial danger and that they were therefore unaware of a danger, or that they knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent.
Id. at 844, 114 S.Ct. 1970; see also Curry v. Scott, 249 F.3d 493, 508-09 (6th Cir.2001) (where evidence supports the inference that prison officials knew of prison guard’s employment record indicating animus towards African-Americans and propensity for use of excessive force, government actor’s actual knowledge of a substantial risk of serious harm should be left to the trier of fact).
Because I believe that there are genuine issues of material fact as concerns the subjective component of the test, I respectfully dissent.